(C. D. 2012)

LEA'S *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 24, 1958)

Plaintiff not represented by counsel.

*George Cochran Doub*, Assistant Attorney General (*William J. Vitale*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

DONLON, Judge: The merchandise before us consists of 12 majolica tiles which were entered as duty free. The collector at New Orleans classified the merchandise as decorated earthenware and liquidated the entry with duty charged under paragraph 211 of the Tariff Act of 1930.

At a term of court in New Orleans, held in March 1957, Mr. Edward A. Laroussini appeared without counsel. He stated that he is the sole owner and operator of the unincorporated business described as Lea's, the plaintiff herein. Mr. Laroussini conducted the trial of this case, and he, himself, was the sole witness. The case was duly submitted for decision on the record thus developed.

Thereafter, and on the day of trial, Mr. Laroussini returned to court. He requested the court to set aside the submission, and he also requested continuance of the case to the next New Orleans term. Counsel for defendant stated he had no objection. The presiding judge then vacated the submission and continued the case to the March 1958 New Orleans term.

Notice of the March 1958 calendar at New Orleans was duly mailed to plaintiff. However, when the calendar was called, there was no appearance by or in behalf of plaintiff. Thereupon, defendant moved dismissal of the protest for failure of plaintiff to prosecute his claim. The presiding judge reserved decision on the motion.

The record before the court includes 17 pages of testimony and of argument at the March 1957 term of court in New Orleans. While submission of the case at that time was set aside, on plaintiff's request, the record stands. It suffices, in our opinion, for a decision. There is no such lack of record here as would support a motion to dismiss for failure to prosecute.

The motion is denied. The case is submitted on the record that is before us.

On trial in March 1957, Mr. Laroussini testified that 12 majolica tiles subject of this protest were imported for use in a new church, St. Ann's, located in Momau, La.; that the tiles were donated to the church by the architect who designed the structure; that in his (Mr. Laroussini's) opinion the tiles are in "actual fact art work," and (likewise in his opinion) they should be admitted duty free, either under paragraph 1774, as a shrine or part of a shrine, or under paragraph 1807, as original paintings on tile which are not articles of utility or for industrial use or made wholly or in part by stenciling or any other mechanical process.

Black-and-white photographs of the tiles were received in evidence (exhibit 1). Color photographs of original sketches, which Mr. Laroussini stated were made by Bruno Travarelli, said to be an artist, of Carrara, Italy, are also in evidence (exhibit 2).

Mr. Laroussini testified that the 12 tiles are liturgical symbols representing the Apostles and depicting an abstract presentation of "The Last Supper"; that they were set in a wall behind the altar of the church "not part of any religious ceremony." He argued that "if the sanctuary of a Catholic church is a shrine, they are part of a shrine."

Plaintiff obviously relies here, as to his claim under paragraph 1774, on the argument that what is set into the sanctuary wall of a Catholic church is part of a shrine, and that if these tiles were imported in good faith for such use in St. Ann's Church, which is organized and operated exclusively for religious purposes, they should be duty free.

Whether or not the wall of the sanctuary of a Catholic church is

part of a shrine, within the meaning of paragraph 1774, is the first issue for decision.

In *Daprato Statuary Co.* v. *United States,* 16 Ct. Cust. Appls. 233, our appeals court held that a mosaic marble floor, inlaid in 16 colors, which was imported and used as flooring in the sanctuary of a church, upon which the altar itself rested and on which two shrines were placed, was dutiable as a manufacture of marble, rather than duty free as part of an altar or shrine under paragraph 1674 of the Tariff Act of 1922 (the counterpart of paragraph 1774 of the Tariff Act of 1930). The court, in its opinion, said (at p. 235):

> In our opinion paragraph 1674 had for its legislative purpose the granting of free entry to the altars or raised structures in churches upon which sacrifices or offerings are made as an act of worship and to that particular kind of altar or structure suggesting an altar which is dedicated to some holy personage or sacred entity and is called a shrine. Shrines and altars even in a restricted sense are, it is true, sometimes parts of the sanctuary and always parts of the churches in which they are found, but so are pews and pulpits. Altars and shrines, like pews and pulpits, have an individuality of their own that is distinctly different from the floor upon which they may happen to rest. Shrines and altars may exist as complete entities without a floor, and it is needless to say that neither an altar nor shrine is required to make up a floor.

On the record before us, and the rule laid down by our appeals court in the *Daprato* case, *supra,* we hold that the walls of the sanctuary are not part of a shrine within the meaning of paragraph 1774.

Plaintiff's alternative claim for duty-free entry, under paragraph 1807, rests on the contention that these paintings on tiles are original paintings in oil or other colors, executed by a recognized artist, and not for utility or industrial use nor made by a mechanical process.

The only evidence before us bearing on the artistic merit of these tiles, is the opinion of Mr. Laroussini. He does not hold himself out either as an artist or as one experienced in matters of art. In forming his opinion, he stated that he relied solely on the opinions of others, and these others were not before the court nor were their qualifications presented. Under the circumstances, Mr. Laroussini's testimony as to artistic quality has little or no probative value.

The evidence in support of a claim to free entry as an original painting, under paragraph 1807, is even more limited. No one testified who had personal knowledge of how these majolica tiles were fabricated. What little evidence there is, is not helpful to plaintiff's contention. Mr. Laroussini testified as follows:

> In designing these tiles it was discovered that such large areas of majolica, which is the substance from which the tiles are made, had not been fired for over 300 years, and there was a considerable amount of research that went into the design and manufacture of these particular articles. I would think that that would add to the artistic value of the tiles. (R. 10.)

Testimony as to difficulty in the "design and manufacture" of these tiles does not establish that they are original paintings or other original

works of art, not produced by any mechanical process, within the intent of paragraph 1807.

We agree with defendant that plaintiff has not overcome the presumption of correctness that attaches to the collector's liquidation.

The protest is overruled. Judgment will be entered accordingly.